```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Nalvinal Cocroft,

     Plaintiff,

    v.                          Case No. 2:13-cv-729

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

     Defendant.

<u>ORDER</u>

    Plaintiff Nalvinal Cocroft brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. The ALJ reviewed the medical evidence in the record and held a hearing, at which plaintiff, accompanied by counsel, and a vocational expert testified. In a decision dated January 24, 2012, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of right knee degenerative joint disease with Baker's cyst, and depressive and anxiety disorders. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity to perform sedentary work. He concluded that plaintiff is subject to some physical limitations, and that plaintiff was also limited to performing simple, routine jobs in an environment without fast-paced production or strict time quotas, and with superficial contact or interaction with others. The ALJ found that plaintiff is capable of performing past relevant work as a cleaner.

    This matter is before the court for consideration of plaintiff's June 12, 2014, filing (Doc. 22) in response to the May

30, 2014, report and recommendation of the magistrate judge (Doc. 20), recommending that the court affirm the decision of the Commissioner, that plaintiff's motion for summary judgment be denied, and that defendant's motion for summary judgment be granted.  The Commissioner has filed a response (Doc. 23) to plaintiff's filing.  For the reasons stated below, the court adopts the magistrate judge's report and recommendation.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as

2

adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff, who is proceeding pro se in this action, filed a response to the report and recommendation consisting of a letter from her daughter stating that it was difficult to care for plaintiff, as well as various medical records. Some of these records were a part of the administrative record before the ALJ, and some post-date the ALJ's January 24, 2012, decision. Plaintiff has set forth no argument or explanation as to why she disagrees with the analysis of the magistrate judge. The magistrate judge noted that plaintiff also failed to provide any detailed explanation regarding why she disagreed with the decision of the ALJ. Doc. 20, p. 12. Pro se litigants are typically held to the same standards as represented parties. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections, and is tantamount to a complete failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir.

3

2002)(citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Arguments or issues raised in a perfunctory manner are also deemed waived. *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002)(citing *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002)). Plaintiff has failed to submit objections which would permit a meaningful review of the magistrate judge's findings and conclusions, and plaintiff has therefore waived her right to object to the report and recommendation.

Plaintiff has also submitted new evidence which was not before the ALJ. Evidence which was not a part of the record on which the Commissioner's final decision was based may not be considered as part of the administrative record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Stevens v. Astrue*, 839 F.Supp.2d 939, 951 (S.D.Ohio 2012). Judicial review is confined to the evidence that was available to the Commissioner. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 487 (6th Cir. 2006)(citing *Wyatt v. Secretary of HHS*, 974 F.2d 680, 685 (6th Cir. 1992)). Evidence submitted in the first instance to the district court may only be considered in determining whether remand is appropriate pursuant to sentence six of 42 U.S.C. §405(g). *Stevens*, 839 F.Supp.2d at 951.

This court notes that plaintiff has not requested a sentence six remand. *See Casey v. Secretary of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993)(noting plaintiff's failure to argue that remand was appropriate in affirming the secretary's decision). However, even if this court were to construe plaintiff's additional filings as a request for remand pursuant to §405(g), plaintiff has not satisfied the requirements for remand.

4

Section 405(g) authorizes the court to "order additional evidence to be taken before the Commissioner of Social Security" but may do so "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" §405(g).  Evidence is "new" only if it was not in existence or available to the claimant at the time of the administrative proceeding.  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010)(citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).  Evidence is "material" only if there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence.  *Id.*  Merely cumulative evidence does not establish good cause for a remand.  *Borman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983); *Stevens*, 839 F.Supp.2d at 951 (noting that the additional evidence was cumulative of evidence already in the administrative record and was not material).  The party seeking remand bears the burden of showing that these requirements are met.  *Hollon*, 447 F.3d at 483.

The court notes that most of the new medical documents submitted with plaintiff's objection letter were not before the magistrate judge.  Those documents consist of treatment records which are dated after the ALJ's decision.  Although these records are arguably new, plaintiff must also show that they are material.

Plaintiff has submitted letters from J. Mark Hatheway, M.D., dated February 7, 2012, March 5, 2013, November 4, 2013, and June 2, 2014, relating to the cortisone injection therapy for her right knee.  Earlier letters concerning these treatments are in the

5

administrative record.  In summarizing the record, the magistrate judge noted that Dr. Hatheway had treated plaintiff for early degenerative joint disease and a Baker's cyst in plaintiff's right knee, and that he had noted that injections had provided plaintiff with good relief.  Doc. 20, p. 7.  Although plaintiff reported on December 1, 2009, that her knee had given out, complained of pain on July 20, 2010, and requested cortisone.  On November 15, 2010, the ALJ observed that plaintiff also reported good relief from the knee injection on July 20, 2010, and did not have any significant complaints of knee pain until March 30, 2011.  Doc. 20, pp. 7, 19-20.

Dr. Hatheway's report of February 7, 2012, states that plaintiff had indicated that a previous injection had given her "really good relief for many months."  Doc. 22, p. 4.  Plaintiff complained of right hip pain, but injections in her hip had been helpful as well.  Dr. Hatheway injected plaintiff's right hip and knee on that visit.  Doc. 22, p. 4.  In his next report dated March 5, 2013, Dr. Hatheway noted that the injection the previous year "really helped her right knee significantly[.]"  Doc. 22, p. 3.  Plaintiff requested injections in both knees, and reported increasing problems with falls recently.  She was given a prescription for a cane.  However, the later records do not reflect whether plaintiff actually began using a cane.  On November 4, 2013, plaintiff reported that she had good relief from the injections in March, and Dr. Hatheway administered injections in plaintiff's knees and right hip.  Doc. 22, p. 2.  On June 2, 2014, Dr. Hatheway again noted that plaintiff reported that the injections gave her good relief for several months.  He again

6

injected plaintiff's knees and right hip. Doc. 22, p. 1. These later treatment records to not differ significantly from the records of Dr. Hatheway which were considered by the ALJ.

The additional records submitted by plaintiff also include a letter from Venkatarama R. Gaddam, M.D., plaintiff's cardiologist, to her general physician, Dr. Ralph W. Newman, D.O., dated March 28, 2012. On that occasion, plaintiff denied having any further palpitations since increasing the dose of her beta-blocker. Her exam was "unremarkable" and her echocardiogram showed normal function with no significant abnormalities. Doc. 22, p. 28. Plaintiff has also submitted a letter from Dr. Gaddam dated December 14, 2012, which was also included in the materials before the magistrate judge. That letter indicated that plaintiff, who had a history of cardiomyopathy and palpitations, but no diagnosed arrhythmias, came to his office complaining of shortness of breath. Doc. 22, p. 18. Plaintiff has now submitted Dr. Gaddam's report of the results of the echocardiogram administered on that date. This report indicates that the overall quality of the study was good, that plaintiff's heart structure was normal, and that the test showed normal left ventricular systolic function and diastolic function with trace mitral regurgitation and mild tricuspid regurgitation noted. Doc. 22, pp. 16-17.

In summarizing the administrative record, the magistrate judge noted that Dr. Gaddam had treated plaintiff at least since July 24, 2009. Doc. 20, p. 4. Although plaintiff complained of recurrent chest pains, she frequently stopped taking her prescribed medication. In a December 9, 2009, letter to the Social Security Administration, Dr. Gaddam opined that plaintiff's PVCs and

7

tachycardia did not render her disabled or functionally limited and that she should be able to lead a completely normal lifestyle. Doc. 20, p. 5. During visits in 2010 and 2011, plaintiff reported that she had been doing well, with no chest pain or shortness of breath, and that she had not been taking her medications. Doc. 20, p. 5. Thus, the 2012 treatment records of Dr. Gaddam do not provide any significant additional information concerning plaintiff's cardiac condition.

Plaintiff has also submitted records from her August 18, 2012, treatment at the Wexner Medical Center, where she went to the emergency room complaining of chest pain. The plaintiff was placed in an observation unit, although initial tests were negative. Doc. 22, p. 19. The report of Dr. Daniel J. Bachmann, M.D., states that plaintiff had experienced a sharp chest pain during the previous day, but had no current pain. Doc. 22, p. 20. The report states that on August 19, 2012, plaintiff's chest pain had improved, and her EKG showed no signs of ischemia, injury, arrhythmia or ectopy, and her chest x-ray did not show any acute pathology. Doc. 22, p. 23. Plaintiff was released, and she indicated that she would follow up with her physician, Dr. Newman. She was described as being "low risk." Doc. 22, p. 24. These records contain no objective medical evidence of any heart problems beyond those already diagnosed and treated by Dr. Gaddam.

Finally, with her motion for summary judgment, plaintiff submitted records from her July 7, 2013, admission to Netcare's Crisis Stabilization Unit. As noted by the magistrate judge, plaintiff came to that facility complaining of anxiety symptoms such as excessive worrying, tenseness, racing heartbeat, social

8

withdrawal, depression, and irritability, loss of memory, and difficulty sleeping. Doc. 20, p. 14. Plaintiff was discharged on July 9, 2013. At that time, she denied suicidal or homicidal ideation and was not exhibiting any signs of mania or psychosis. She was diagnosed with anxiety disorder and depressive disorder, but at discharge, she was alert and oriented in all four spheres, and reported adequate sleep and good appetite, was appropriately dressed and groomed, had good judgment and insight, and was goal-oriented. Doc. 20, p. 15. The magistrate judge concluded it was unlikely that the ALJ would have reached a different conclusion had he been presented with this evidence, and therefore this evidence was not material. Doc. 20, p. 16. Plaintiff has not contested that conclusion in her response to the report and recommendation, and therefore, any objection in this regard has been waived. In any event, this court agrees with the analysis of the magistrate judge that this evidence is not material.

The court concludes that the additional evidence submitted by plaintiff in response to the report and recommendation is not material. Plaintiff has not established that there was a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if this evidence had been presented to the ALJ.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. The court concludes that plaintiff has waived any objections

to the report and recommendation, and that her filing (Doc. 22) does not warrant remanding this case to the Commissioner for the consideration of new evidence.  The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 20).  The plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted.  The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to sentence four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

It is so ordered.


Date: June 26, 2014              _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge